ANDREW J. JARAMILLO, SBN 198303
andrew.jaramillo@altuslawfirm.com
SEAN T. NGUYEN, SBN 206245
sean.nguyen@altuslawfirm.com
ALTUS LAW FIRM
5 Park Plaza, Suite 200
Irvine, California  92614
Telephone:  (949) 346-3391

Attorneys for Plaintiff
WENDY CUNNING

RYAN H. CROSNER, CA Bar No. 278418
ryan.crosner@ogletree.com
CHLOE S. CHANG, CA Bar No. 321007
chloe.chang@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:  213-239-9045

Attorneys for Defendant
SKYE BIOSCIENCE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY CUNNING, an individual<br><br>Plaintiff,<br><br>v.<br><br>SKYE BIOSCIENCE, INC., a Nevada Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  8:21-cv-00710-DOC-KES<br><br>**STIPULATED PROTECTIVE ORDER OF THE PARTIES**<br><br>Complaint Filed: April 16, 2021<br>Trial Date:        None<br>District Judge:   Hon. David O. Carter<br>                        Courtroom 9D,<br>                        Santa Ana<br>Magistrate Judge: Hon. Karen E. Scott<br>                        Courtroom 6D<br>                        Santa Ana |

## 1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, including, but not limited to defendant Skye Bioscience, Inc.'s ("Skye Bioscience"): (1) proprietary procedures, manuals, and policies; (2) proprietary and confidential operations information, including agreements or specifications; (3) internal business or financial information; (4) the personnel files and/or personnel records of Skye Bioscience's current and/or former employees who are not parties to this lawsuit ("Nonparty" or "Nonparties") as well as the personnel files and/or personnel records of Plaintiff Wendy Cunning ("Plaintiff") with other employer(s); (5) the private information of current and/or former employees of Skye Bioscience; (6) the private information of current and/or former customers of Skye Bioscience; (7) any other similar proprietary, confidential, and/or private information; and (8) any trade secrets.  Accordingly, Plaintiff and Skye Bioscience (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Good cause may exist to protect the good faith designation of each of the categories of documents identified above, as prejudice or harm to the Parties and/or to one or more third parties may result if no protective order is granted.  This action potentially involves trade secrets, and other valuable research, development, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information may

consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  In particular, Skye Bioscience contends that business competitors could obtain an unfair advantage, Skye Bioscience could be economically prejudiced, customers of Skye Bioscience could be economically prejudiced, and the privacy rights of Skye Bioscience's current and/or former employees, as well as Plaintiff, could be violated if any of the confidential information identified above is used or published for purposes outside those permitted in this Stipulated Protective Order.  The Parties seek to avoid undue economic harm to the Parties and/or to third parties resulting from complying with their discovery obligations.  The purpose of this Stipulated Protective Order is to protect any legitimately designated confidential business, employee, and privacy-protected information to be produced in this action from public disclosure.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   **DEFINITIONS**

2.1   <u>Action</u>:  The pending current federal lawsuit, *Wendy Cunning v. Skye*

*Bioscience, Inc.*, Case No. 8:21-cv-00710-DOC-KES.

2.2 <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclose, Disclosed, and Disclosure</u>: to reveal, divulge, give, or make available any items, information, and/or materials, or any part thereof, or any information contained therein.

2.7 <u>Discovery Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and/or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this Action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party to this Action and are engaged in providing legal advice and/or other services to a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel. Nor does it include attorneys who are employees of a Party but are not employed in that capacity (i.e. as in-house counsel).

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel</u>:   attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party and Parties</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.13   <u>Producing Party</u>:   a Party that produces Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:   any Discovery Material that is designated as "CONFIDENTIAL"

2.16   <u>Receiving Party</u>:   a Party that receives Discovery Material from a Producing Party.

2.17   <u>Stipulated Protective Order and Order</u>:   the document captioned "Stipulated Protective Order Of The Parties."

2.18   <u>Trade secret(s)</u>:   any information – including any formula, pattern, compilation, program, device, method, technique, or process – that: (a) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its Disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, and shall be interpreted in accordance with the definition of that term in Section 3426.1, subsection (d), of the California Civil Code.

**3.   <u>SCOPE</u>**

3.1.   <u>Covered Materials</u>.    The protections conferred by this Stipulated

Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries and/or compilations thereof, plus deposition testimony. However, the protections conferred by this Stipulated Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

3.2.   Covered Parties.  After this Stipulated Protective Order has been signed by Counsel for the Parties, it shall be presented to the Court for entry.  All Parties who, through their Counsel, have executed this Stipulated Protective Order as of the time it is presented to the Court for signature shall be bound by all terms and provisions set forth herein.  Any Party who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Order, and shall thereafter be bound by all terms and provisions set forth herein, when Counsel for that Party (a) signs and dates a copy of this Order, and files the same with the Court; and (b) serves copies of such signed, dated, and filed Order on all other Parties.

## 4.    **DURATION**

4.1.   Duration Of Confidentiality Obligations.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.2.   Retention Of Jurisdiction.  To the extent permitted by law, the Court

shall at all times retain jurisdiction to enforce, modify, and/or reconsider the terms and provisions of this Stipulated Protective Order, even after the termination of this litigation.

**5. <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1. <u>Exercise Of Restraint And Care In Designating Material For Protection.</u> Each Party and/or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, and/or oral or written communications that qualify – so that other portions of the material, documents, items, and/or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.   Mass, indiscriminate, and/or routinized designations are prohibited.   If it comes to a Designating Party's attention that information and/or items that it previously designated for protection do not qualify for such protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. <u>Manner And Timing Of Designations.</u>  Except as otherwise provided in this Order (*see, e.g.*, Paragraph 5.2(a)(ii)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is Disclosed or produced.  Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings):

i. That the Producing Party affix the legend "CONFIDENTIAL" conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the

protected portion(s) (e.g., by making appropriate markings in the margins).

ii.    Any Party and/or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") conspicuously on each page that contains Protected Material.

(b)    For testimony given in deposition that the Designating Party – or, if the Designating Party is not present, the Party or Nonparty offering or sponsoring the testimony – should identify, on the record, before the close of the deposition, hearing, and/or other proceeding, the portions of the testimony and/or exhibits that qualify as "Confidential." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke, on the record, and before the deposition, hearing, and/or other proceeding is concluded, a right to have a reasonable time period of up to twenty (20) calendar days following receipt of the transcript to identify to the Receiving Party and the court reporter who took the deposition the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential").

Only those portions of the testimony that are appropriately designated for protection within the reasonable time period of up to twenty (20) calendar days shall be covered by the provisions of this Stipulated Protective Order. Upon such designation, the court reporter  must affix conspicuously on each page that contains Protected Material the legend "CONFIDENTIAL," as instructed by the Party.

(c)    For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container(s) in which the information and/or item is stored, the legend "CONFIDENTIAL."  If only portions of the information and/or items warrant protection, the Producing Party shall, to the extent practicable, identify the protected portions, specifying whether they qualify as "Confidential."

5.3    <u>Inadvertent Failures To Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information and/or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party,

on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing Of Challenges.</u>  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, and/or a later significant disruption and/or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is Disclosed.

6.2.    Meet And Confer.

(a)    A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue or in writing, by e-mail or U.S. Mail) with Counsel for the Designating Party, in accordance with Central District of California Local Rule 37-1.  The Designating Party must explain, either in voice-to-voice dialogue or in writing within 10 business days of receiving a challenge, the basis for the designation.

6.3.    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must comply with the requirements of Central District of California Local Rule 37-2. Failure by the Designating Party to make such a motion within the appropriate time frame shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Regardless of which Party files a motion pursuant to this Paragraph, the burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties and Nonparties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    Basic Principles.

(a)    Each Receiving Party may use Protected Material that is Disclosed or produced by another Party or by a Nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation,

and not for any business purposes or in connection with any other litigation.

(b)     Protected Material may be Disclosed and/or produced only to the categories of persons and under the conditions described in this Order.

(c)     When the litigation has been terminated, each Receiving Party must comply with the provisions of Section 11, below.

(d)     Protected Material must be stored and maintained by each Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(e)     As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order.

7.2.     <u>Disclosure Of Confidential Information And/Or Confidential Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information, document, and/or item that has been designated "Confidential" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to Disclose the information, document, and/or item for this litigation;

(b)     The Parties, including the officers, directors, and employees (including, but not limited to, House Counsel) of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(c)     The officers, directors, and managers of the Designating Party during direct- or cross-examination during a deposition, to whom Disclosure is reasonably necessary for this litigation;

(d)     Experts of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And

Agreement To Be Bound;

       (e)     The Court and its personnel;

       (f)     Court reporters (other than those court reporters employed by the Court), their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation and who have been informed that the information, document, and/or item is subject to a protective order and must remain confidential;

       (g)     Any deposition, trial, and/or hearing witness to whom Disclosure is reasonably necessary for this litigation, and who have signed the Acknowledgment And Agreement To Be Bound;

       (h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Any person who is currently or was previously an officer, director, partner, member an entity that previously had access to the information, document, and/or item that has been designated "Confidential" to whom Disclosure is reasonably necessary for this litigation; and

7.4.   <u>Procedures For Disclosure Of Protected Material To "Experts."</u>  Unless otherwise ordered by the Court or agreed to, in writing, by the Designating Party, if the Receiving Party of the Protected Material seeks to Disclose to an Expert (as defined in this Order) any information and/or item that has been designated as Protected Material, it must:

       (a)     obtain the Expert's executed Acknowledgment And Agreement To Be Bound.

The Receiving Party has no obligation to disclose the identity of any of its Experts pursuant to this Paragraph, but this Paragraph shall not affect any duty to disclose experts contained in applicable rules, by stipulation of the Parties, or by order of the

11

Court.

7.5.   <u>Restrictions On Use Of Private Materials.</u>   The Private Materials shall not be used for any purpose outside of litigation.

**8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel Disclosure of any information and/or items designated in this action as "Confidential," the Receiving Party must:

(a)   Notify the Designating Party promptly, in writing (by mail or e-mail, if possible).  The Receiving Party must provide such notification as soon as is practicable, and must use its best efforts to provide such notification within 10 calendar days after receiving the subpoena or order.   When providing such notification to the Designating Party, the Receiving Party must include a copy of the subpoena or court order that would compel the Disclosure described herein.

(b)   Provide prompt notification, in writing, to the party that caused the issuance of the subpoena or order in the other action that some or all the information and/or items covered by the subpoena or order is the subject of this Stipulated Protective Order.   When providing such notification to the party in the other action that caused the subpoena or order to issue, the Receiving Party must include a copy of this Stipulated Protective Order.

The purpose of imposing these duties on the Receiving Party is to alert the interested parties in the other action that caused the subpoena or order to issue to the existence of this Stipulated Protective Order, and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

The Designating Party shall bear the burden and expense of seeking protection in any other court of its confidential material in response to a subpoena or an order

issued in other litigation that would compel the Disclosure described herein. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information or as provided in the confidentiality agreement between the Non-Party and Receiving Party, whichever is later, the Receiving Party may produce the

Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a)   Notify the Designating Party, in writing, of the unauthorized Disclosure(s);

(b)   Use its best efforts to retrieve all copies of the Protected Material;

(c)   Inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Order; and

(d)   Request that the person or persons to whom unauthorized Disclosures were made execute the Acknowledgment And Agreement To Be Bound.

**11.   FILING PROTECTED MATERIAL**

Any Party wishing to file in the public record in this action any Protected Material must comply with Rule 79-52.2(b) of the Central District of California Local Civil Rules and paragraph 13 of the Procedures and Schedules listed on the web site of the Honorable David O. Carter located at http://cacd.uscourts.gov.  Any application made pursuant to Local Rule 79-5.1 to file papers or any portion(s) thereof containing the designated information or documents (if such portion is segregable) under seal shall be directed to the judge to whom the papers are directed.

Each Party agrees not to oppose any motion to seal Protected Material, except and only to the extent that a Party challenges or has previously challenged, in any manner, the designation of the Protected Material that is the subject of the motion to seal.

Alternatively, a Receiving Party may file in the public record in this action any Protected Material after receiving approval from the Designating Party in writing to file redacted material.

If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 12.    FINAL DISPOSITION

12.1.   Return And/Or Destruction Of Protected Materials.   Unless otherwise ordered or agreed in writing by the Producing Party and, if not the same person or entity, the Designating Party, within sixty (60) calendar days after the settlement or other final termination of this action, each Receiving Party must destroy all of the Protected Materials, and certify in writing (including email) to the Designating Party that it has done so, and that it has not retained any Protected Materials, including any copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Materials.

12.2.   Retention Of Archival Copies.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and/or attorney work product, even if such materials contain and/or reveal Protected Materials.   Any such archival copies that contain or constitute Protected Materials remain subject to this Stipulated Protective Order as described in Section 4, above.

## 13.    MISCELLANEOUS

13.1.   Counsel Agree To Maintain A File Of All Certifications (Exhibit A) Required By This Order.   The file containing the Acknowledgments And Agreements To Be Bound and the specific Certifications therein shall not be available for review by opposing Counsel absent an agreement of the Parties or an order of the Court in this action determining that there is a good faith basis for the Certifications, or any part of them, to be reviewed.

13.2.  <u>Right To Further Relief.</u>  Nothing in this Order abridges the right of any person and/or entity to seek its modification by the Court at any time in the future.

13.3.  <u>Right To Assert Other Objections.</u>  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: August 4, 2021          ALTUS LAW FIRM


                               By:  /s/Andrew J. Jaramillo
                                    Andrew J. Jaramillo
                                    Sean T. Nguyen

                               Attorneys for Plaintiff
                               WENDY CUNNING

DATED:  August 4, 2021         OGLETREE, DEAKINS, NASH, SMOAK &
                               STEWART, P.C.


                               By:  /s/ Chloe S. Chang
                                    Ryan H. Crosner
                                    Chloe S. Chang

                               Attorneys for Defendant
                               SKYE BIOSCIENCE, INC.

48049256_1.docx

Case No.  8:21-cv-00710-DOC-KES
STIPULATED PROTECTIVE ORDER OF THE PARTIES

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  August 4, 2021                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Chloe S. Chang
                                          Ryan H. Crosner
                                          Chloe S. Chang

Attorneys for Defendant
SKYE BIOSCIENCE, INC.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ *[print or type full name]*, of

_____

*[print or type full address]*, expressly declare, represent, and agree, under penalty of perjury, that:

1. I have read, in its entirety, and I understand the Stipulated Protective Order of the Parties that was issued by the United States District Court, Central District of California, on _____ in the case of *Wendy Cunning, v. Skye Bioscience, Inc.*, Case No. 8:21-cv-00710-DOC-KES (the "Stipulated Protective Order").

2. I am executing this Acknowledgment And Agreement To Be Bound in order to satisfy the terms, provisions, and conditions set forth in the Stipulated Protective Order, and prior to the disclosure to me of any information, items, and/or documents that have been designated as "Confidential" pursuant to the Stipulated Protective Order.

3. I will comply with, and agree to be bound by, all of the terms, provisions, and conditions set forth in the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court.

4. I will not disclose, in any manner, any information, documents, and/or items that are subject to this Stipulated Protective Order to any person and/or entity except in strict compliance with the terms, provisions, and conditions of this Stipulated Protective Order.

5. I further agree to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur after disposition of this action.

6. I hereby appoint _____ *[print or type full name]* of _____

*[print or type full address and telephone number]* as my California agent for service of process in connection with this action and/or any proceedings related to enforcement of the Stipulated Protective Order.

Full Name *[Printed Or Typed]*:       _____

Date:       _____

City And State *[Where Sworn And Signed]*:       _____

Signature:       _____

1

## <u>ORDER</u>

2       GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED

3 THAT the provisions of the concurrently filed stipulation between the parties

4 regarding the use and protection of Confidential Information (the "Stipulated

5 Protective Order") shall be entered as the Order of the Court and be binding upon the

6 parties.

7

8

9 Dated:   August 5  , 2021       _____

10                                 The Hon. Karen E. Scott Magistrate Judge of
                                    the United States District Court
11

12

13

14

15                                                              48049256.1

16

17

18

19

20

21

22

23

24

25

26

27

28