JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| WENDY CUNNING, an individual, | Case No.: 8:21-cv-00710-DOC-KES |
| Plaintiff, | **JUDGMENT ON SPECIAL VERDICT** |
| vs. | |
| SKYE BIOSCIENCE, INC., a Nevada Corporation; and DOES 1-10, inclusive, | |
| Defendant. | |

    This action came on regularly for trial on January 3, 2023, in Courtroom 10A of the above-entitled Court, the Honorable David O. Carter presiding.

    Plaintiff Wendy Cunning ("Ms. Cunning") was represented by Andrew J. Jaramillo and Sean T. Nguyen of Altus Law Firm, and defendant Skye Bioscience, Inc. ("Skye") was represented by Ryan H. Crosner and Chloe S. Chang of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and Summer Young-Agriesti of Klatte, Budensiek & Young-Agriesti, LLP.

A jury of six (6) persons was impaneled and sworn. After hearing the evidence and arguments of counsel, and after the jury was instructed by the Court, the jury deliberated and, on January 18, 2023, returned into Court with its special verdict consisting of questions submitted to the jury and the answers given thereto by the jury, which was dated and signed by the Foreperson of the Jury (Document No. 151 on the Court's docket). Upon reading of the verdict, Skye's counsel requested that the jury be polled. During polling, every juror separately and independently confirmed each of the answers in the special verdict, which was in words and figures, as follows:

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF THE SARBANES-OXLEY ACT

1. Did Ms. Cunning prove that her complaints contributed to Skye's decision to terminate her employment? **Yes** (Yes/No).
If you answered "Yes," proceed to question No. 2. If you answered, "No," stop here and proceed to the section titled "Plaintiff's Second Claim for Relief".
2. Did Skye prove by clear and convincing evidence that it would have terminated Ms. Cunning's employment regardless of whether she engaged in protected activity? **No** (Yes/No).
If you answered "No," proceed to question No. 3. If you answered, "Yes," stop here and proceed to the section titled "Plaintiff's Second Claim for Relief".
3. Was Ms. Cunning harmed (e.g. suffered lost wages and/or emotional distress) by Skye's termination of her employment? **Yes** (Yes/No).
Proceed to Plaintiff's Second Claim for Relief.

PLAINTIFF'S SECOND CLAIM FOR RELIEF

RETALIATION IN VIOLATION OF THE WIDSTLEBLOWER PROTECTION

ACT

1. Did Ms. Cunning prove that her complaints or resistance contributed to Skye's decision to terminate her employment? **Yes** (Yes/No).

If you answered "Yes," proceed to question No. 2. If you answered "No," proceed to question No. 4.

2. Did Skye prove by clear and convincing evidence that it would have terminated Ms. Cunning's employment regardless of whether she engaged in protected activity? **No** (Yes/No).

If you answered "No," proceed to question No. 3. If you answered "Yes," proceed to question No. 4.

3. Was Ms. Cunning harmed (e.g. suffered lost wages and/or emotional distress) by Skye's termination of her employment? **Yes** (Yes/No).

If you answered "Yes," proceed to the section titled "Plaintiff's Economic Damages." If you answered "No," proceed to question No. 4.

4. Did you find in favor of Plaintiff on her First Claim for Relief? **Yes** (Yes/No).

If you answered "Yes," proceed to the section titled "Plaintiff's Economic Damages." If you answered "No," stop here, proceed to the last page, and have the foreperson date and sign the document.

JUDGMENT ON SPECIAL VERDICT

PLAINTIFF'S ECONOMIC DAMAGES

1. What amount of economic damages ( e.g. past and future lost earnings) do you award Ms. Cunning?

a. Lost earnings (including benefits and pay increases) that Ms. Cunning would have earned up to today:

$**400,000**.

b. Prejudgment interest on lost earnings up to today:

$**40,000**.

c. Future lost earnings that Ms. Cunning would have earned for the length of time her employment with Skye was reasonably certain to continue:

$**72,500**.

d. What is the total amount of the amounts listed above?

$**512,500**.

Proceed to the section titled "Limitation on Economic Damages."

LIMITATION ON ECONOMIC DAMAGES

l. If you find that Ms. Cunning is entitled to recover economic damages, did Skye prove:

a. That Ms. Cunning engaged in misconduct during her employment by copying company documents or files without Skye's permission or authorization? **Yes** (Yes/No).

b. That Ms. Cunning's misconduct was sufficiently severe that Skye would have terminated her employment because of that misconduct alone, had it known of it? **No** (Yes/No).

c. That Skye would have terminated Ms. Cunning's employment because of that misconduct alone as a matter of settled company policy? **No** (Yes/No).

If you answered "Yes" to each of the elements above, what date did Skye prove that it discovered the misconduct?

[enter date here] _____

Ms. Cunning may recover economic damages only for the period before the date you entered above, and you may now reduce her damages accordingly. What is the revised amount of economic damages?

$ _____

Proceed to the section titled "Plaintiffs Non-Economic Damages."

PLAINTIFF'S NON-ECONOMIC DAMAGES

1. What amount of non-economic damages ( e.g. damages for emotional distress) do you award to Ms. Cunning?

$**840,960**.

Proceed to the section titled "Punitive Damages."

PUNITIVE DAMAGES

1. Did one or more officers, directors, or managing agents of Skye Bioscience, Inc. engage in conduct constituting malice, oppression, or fraud? **Yes** (Yes/No).

If you answered "Yes," proceed to question No. 2. If you answered "No," stop here, proceed to the last page, and have the foreperson date and sign the document.

2. What amount of punitive damages, if any, do you award Ms. Cunning? $**3,500,000**.

Proceed to the last page and have the foreperson date and sign the document.

WHEREFORE, and by virtue of the law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that plaintiff Wendy Cunning shall recover $4,853,460.00 as against defendant Skye Bioscience, Inc., together with reasonable attorneys' fees and costs pursuant to statute and local rules, and interest as provided by law, in amounts to be later determined by the Court.

IT IS SO ORDERED.

Dated: February 13, 2023

*[signature: David O. Carter]*

THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE

//
//

-7-

JUDGMENT ON SPECIAL VERDICT

**PREPARED BY:**

ALTUS LAW FIRM

By: /s/
    Andrew J. Jaramillo
    Sean T. Nguyen

Attorneys for Plaintiff
WENDY CUNNING

**APPROVED AS TO FORM AND CONTENT BY:**

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/
    Ryan H. Crosner
    Chloe S. Chang

Attorneys for Defendant
SKYE BIOSCIENCE, INC.