**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY CUNNING, | No. 23-55248 |
| Plaintiff-Appellee, | D.C. No. 8:21-CV-00710-DOC-KES |
| v. | |
| SKYE BIOSCIENCE, INC., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted September 12, 2024
San Francisco, California

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BYBEE.

  Defendant-Appellant Skye Bioscience, Inc. (Skye) appeals the district court's order that denied its renewed motion for judgment as a matter of law and its motion for a new trial on Plaintiff-Appellant Wendy Cunning's claims for retaliatory termination under the Sarbanes Oxley Act, 18 U.S.C. § 1514A (SOX), and the

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

California Whistleblower Protection Act, Cal. Labor Code § 1102.5(b) (WPA). Because the parties are familiar with the facts, we discuss them here only as necessary to explain our decision.

We review de novo a district court's denial of a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 886 (9th Cir. 2002). We review both a district court's denial of a motion for a new trial under Federal Rule of Civil Procedure 59 and its evidentiary rulings for abuse of discretion. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). But when a party fails to present an argument to the district court, the argument is forfeited, and we review it only for plain error. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc). We have jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we vacate the judgment against Skye and remand for a new trial.

As to the first category of evidence that Skye challenges, the district court did not abuse its discretion in admitting, via Cunning's testimony and the Citron report, the so-called "unsubstantiated rumors" of misconduct by various Skye board members. Skye opened the door to this evidence when it asked Cunning whether she had brought her complaints about Dr. Murphy's conduct to the board of directors. The parties' pretrial reports and motion in limine briefing put Skye on notice that, if Cunning's failure to complain to the board were an issue, Cunning

would respond with an explanation of why she did not complain to the board. Skye knew that Cunning would testify as to the rumors she had heard about various board members' misconduct. The rumors were not hearsay because they were not admitted for their truth—they were admitted only to show Cunning's state of mind, which was relevant to explain why she had not complained to the board. Once Skye had adduced evidence that Cunning did not complain to the board of directors, Cunning was entitled to explain why she did not do so. Skye was under no obligation to place at issue Cunning's failure to report her allegations to the board, and we decline to relieve Skye of the consequences of its tactical choice to do so.

We do, however, conclude that the district court abused its discretion in admitting Dr. Dhillon's guilty plea and SEC judgment.[1] This evidence should have been excluded under Federal Rule of Evidence 403 because it had very little probative value, if any at all, and it was highly prejudicial. *See United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest

---

[1] Cunning argues that, as to the remainder of Skye's evidentiary arguments, we should review the district court's admission of the evidence for plain error, rather than abuse of discretion, because Skye did not adequately preserve its objections below. We conclude otherwise. Skye presented the arguments it advances on appeal in its motion in limine briefing before the district court, and the district court "definitively" rejected them. We find that Skye adequately preserved the arguments and thus apply the abuse of discretion standard. Fed. R. Evid. 103(b); *United States v. McElmurry*, 776 F.3d 1061, 1066–67 (9th Cir. 2015).

3

likelihood of unfair prejudice or a small risk of misleading the jury.") (quoting *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)).  The evidence was prejudicial because it allowed the jury to impute onto Skye Dr. Dhillon's unrelated misconduct, related in his indictment, guilty plea, and conviction.  Unlike the rumor evidence discussed above, this evidence was not relevant to show Cunning's state of mind or a possible reason why she did not complain to the board.  The plea and judgment were entered long after Cunning was terminated from Skye, and they therefore could not have affected her decision not to raise her complaints with the board.  Cunning argues that the plea and judgment were nonetheless relevant because they showed that Cunning's concerns were "legitimate."  But the "legitimacy" of the rumors was not at issue—as discussed above, the rumors were *not* admitted for their truth, they were admitted solely for the purpose of explaining Cunning's state of mind.  That later events may have vindicated Cunning's suspicions was of no import.  Skye's decision to raise an issue about Cunning's failure to complain to Dr. Dhillon, which opened the door to limited testimony from Cunning about why she didn't complain to Dr. Dhillon, did not all the sudden render his every misdeed relevant to her case, and particularly not those misdeeds which had nothing to do with Skye but with another firm.  In other words, Skye may have

4

opened the door, but it did not open the floodgates. We therefore vacate the judgment on this basis and remand for a new trial.[2]

We also conclude the district court erred in allowing Cunning to present evidence of her pre-termination emotional distress damages. As an initial matter, we review this issue for plain error because Skye forfeited its argument below. Plain error requires Skye to demonstrate (1) that there was an error, (2) that the error was plain or obvious, (3) that the error prejudiced Skye, and (4) that the correction of the error is necessary to prevent a miscarriage of justice. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). We conclude that the district court's admission of evidence regarding emotional distress that Cunning suffered *before* she was terminated from Skye was a plain and obvious error. Cunning's theory of liability against Skye focused solely on Skye's decision to fire her. The special verdict form, for instance, asked the jury whether Cunning's complaints "contributed to Skye's decision to terminate [her] employment" and whether Cunning was "harmed (e.g.,

---

[2] Skye also challenges Dr. Dhillon's invocations of his Fifth Amendment privilege as irrelevant because the district court declined to give an adverse inference instruction, and Skye argues that the district court erred in not "mak[ing] an appropriate inquiry into the basis" for Dr. Dhillon's repeated invocations of the privilege. *See United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998). Because we conclude that the admission of Dr. Dhillon's guilty plea and SEC judgment was reversible error regardless the relevance of or basis for Dhillon's invocations, we do not reach those issues here. On remand, the parties and the district court are free to revisit the admissibility of Dr. Dhillon's invocations, including by assessing their foundation, in light of our holding that Dr. Dhillon's guilty plea and SEC judgment are inadmissible on this record.

suffered lost wages and/or emotional distress) *by* Skye's termination of her employment." Skye was likely prejudiced by the admission of additional testimony by Cunning regarding emotional distress she suffered before her termination, and that evidence was not relevant. And because we are in any event remanding for a new trial based on the district court's separate evidentiary errors, we find that correcting this error as well is "necessary to prevent a miscarriage of justice." *Hemmings*, 285 F.3d at 1193. On remand, the district court should allow Cunning to present only evidence of her emotional distress directly caused by her allegedly wrongful termination.

Skye also challenges the district court's ruling below that Cunning was entitled to equitable tolling of the statute of limitations on her WPA claim. We agree with Skye, to an extent, but remand for this issue to be tried. To begin with, Cunning is incorrect that Skye's failure to raise this argument in a pre-verdict Rule 50(a) motion rendered the issue waived and unreviewable. Skye moved for summary judgment on the basis that Cunning had not submitted sufficient evidence to establish that she was entitled to equitable tolling. The district court denied Skye's motion for summary judgment and concluded that Cunning was entitled to equitable tolling as a matter of law. The district court's decision was therefore "purely legal," and Skye did not forfeit the issue by failing to raise it in a pre-verdict Rule 50(a)

6

motion. *Dupree v. Younger*, 598 U.S. 729, 738 (2023).³ And while the district court was correct to deny Skye's motion for summary judgment, it erred in conclusively resolving the issue in Cunning's favor. Cunning did not herself move for summary judgment on the question, and there was a genuine dispute of material fact as to whether Cunning acted reasonably and in good faith in waiting to file the instant lawsuit. The district court should instead have presented the issue to the jury, and we remand with instructions to do so at the new trial.

Lastly, we reject Skye's position that the district court erred in denying its request to bifurcate the trial between liability and damages. Skye concedes that the district court's denial of the parties' joint request to bifurcate liability and damages is entitled to a strong measure of deference. *Graves v. Arpaio*, 623 F.3d 1043, 1047 (9th Cir. 2010) ("District courts have broad discretion when it comes to trial management.") (affirming district court's denial of bifurcation). Particularly given

---

³ To see why this is the case, "[c]onsider[] an alternate route that the district court *could* have taken" when it denied Skye's statute of limitations defense on summary judgment. *Younger v. Crowder*, 79 F.4th 373, 378 (4th Cir. 2023) (emphasis added) (applying *Dupree* on remand). The district court could have simply "denied summary judgment [as to this defense] because factual disputes existed" as to whether Cunning acted reasonably and in good faith when she delayed filing of her WPA claim. *See id.* at 379. "Had the district court taken this route," Skye and Cunning would have had to litigate at trial whether Cunning's delay was reasonable and in good faith, *see id.*, and only then would Skye be required to raise the statute of limitations issue again in a Rule 50(a) motion to preserve this defense on appeal, *see Dupree*, 598 U.S. at 735 (explaining Rule 50(a) motion is necessary to preserve a factual issue because "[f]act-dependent" questions on appeal, unlike purely legal questions, require a "complete trial record" to resolve).

that Skye requested only bifurcation, and not that the district court impanel separate juries, we see no basis to disturb the district court's original determination on this issue. The parties and the district court are free to reconsider it on remand consistent with the district court's broad discretion on trial management.

**VACATED AND REMANDED.** Each party shall bear their own costs.

FILED

OCT 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Cunning v. Skye Bioscience, Inc.*, No. 23-55248

BYBEE, J., concurring in part and dissenting in part:

I agree with the majority that there was no error in admitting Avtar Dhillon's testimony and the Citron report or the denial of Skye's request to bifurcate the trial. I otherwise disagree with my colleagues, and I would affirm the judgment of the district court.

1. I find no error in the introduction of Avtar Dhillon's guilty plea and Securities and Exchange Commission (SEC) judgment because the danger of *unfair* prejudice they posed did not *substantially* outweigh their probative value. *See* Fed. R. Evid. 403. Relevant evidence is generally admissible. Fed. R. Evid. 402. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. "Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (quoting *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013)). Courts should cautiously and sparingly exclude evidence under Rule 403 "because the Rule's 'major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *Id.* at 1282 (quoting *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000)).

As the majority acknowledges, we review this issue for an abuse of discretion. A district court abuses its discretion when it makes an error of law or "bases its decision on unreasonable findings of fact." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022) (quoting *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1043 (9th Cir. 2019)). "[A]n appellate court may not simply substitute its judgment for that of the lower court and must accord the district court wide latitude on its decision." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citation omitted) (citing *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994)).

Here, Dhillon's guilty plea covered conduct that occurred while Skye Bioscience, Inc. (Skye) employed Wendy Cunning. Regardless of the date of Dhillon's guilty plea, it was probative of Cunning's state of mind when she chose not to report suspected wrongdoing to Dhillon. It also showed that Cunning's concerns about Dhillon were not unfounded. For instance, without this evidence, jurors could have presumed that Dhillon was not engaged in securities fraud and, consequently, that it was unreasonable for Cunning not to complain to him about Murphy's conduct. Additionally, as a witness, Cunning's credibility was at issue and was for the jury to decide. Dhillon's guilty plea and SEC judgment were relevant to her credibility.

2

Meanwhile, the prejudice accompanying this evidence was not unfair, nor did it substantially outweigh the probative value, for two reasons. First, this case was against Skye, not Dhillon, and it related to underlying alleged misconduct by Murphy, not Dhillon. Second, the guilty plea was not entered into evidence to prove that Skye was more likely to engage in employment retaliation, which was the basis for this action. It was offered to demonstrate the validity of Cunning's reservations about Dhillon. If the question for the jury was whether members of Skye's board of directors ever engaged in securities fraud *at Skye*, this evidence would certainly have been highly and unfairly prejudicial. But that was not at issue. Any prejudice here flowed to Dhillon, a non-party, not Skye. Prejudice to Dhillon for a guilty plea related to securities fraud at another company is not grounds for excluding evidence in a trial about the liability of Skye for employment retaliation. The majority conflates prejudice against Dhillon with prejudice against Skye.

In my view, the district court did not abuse its discretion by allowing introduction of the guilty plea and SEC judgment into evidence.

2. I respectfully disagree that the district court erred by ruling as a matter of law that Cunning was entitled to equitable tolling on her state whistleblower claim. In California, equitable tolling may extend a statute of limitations "while the plaintiff pursues an administrative remedy." *See Bjorndal v. Superior Court*, 150 Cal. Rptr. 3d 405, 412 (Cal. Ct. App. 2012) (citing *Archdale v. Am. Int'l Specialty*

3

*Lines Ins. Co.*, 64 Cal. Rptr. 3d 632, 655 (Cal. Ct. App. 2007)).  The purpose of equitable tolling is "to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied."  *Id.* at 409 (internal quotation marks and citation omitted).  The determination of whether a statute of limitations should be equitably tolled is based on three factors:  (1) timely notice; (2) lack of prejudice; and (3) the plaintiff's reasonableness and good faith in bringing the action.  *See Addison v. State*, 578 P.2d 941, 943–44 (Cal. 1978).

Cunning filed a complaint with the Occupational Safety and Health Administration (OSHA) related to the conduct at issue in this case and then filed this lawsuit before an adjudication by OSHA.  Because Skye was on notice of her allegations, the purpose of the California Whistleblower Protection Act's (WPA) statute of limitations "ha[d] been satisfied."  *Bjorndal*, 150 Cal. Rptr. 3d at 409.  Likewise, Skye was not prejudiced by her failure to bring the suit within the limitations period because it was already potentially subject to liability.  The only question, then, was whether Cunning acted in good faith.

Good faith "encompass[es] two distinct requirements:  A plaintiff's conduct must be objectively reasonable and subjectively in good faith."  *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 467 P.3d 1033, 1043 (Cal. 2020).  Objective reasonableness asks "whether th[e] party's actions were fair, proper, and sensible in

4

light of the circumstances." *Id.* at 1044. Meanwhile, subjective good faith measures "whether a party's late filing . . . was the result of an honest mistake or was instead motivated by a dishonest purpose." *Id.*

Here, the facts surrounding Cunning's late filing were not in genuine dispute, and it was reasonable for the district court to conclude that the statute of limitations should be equitably tolled. Relying on OSHA's process was not subjectively unreasonable and, indeed, was likely "fair, proper, and sensible in light of the circumstances." *Id.* at 1044. By the same token, there is no evidence that Cunning acted dishonestly in neglecting to file this claim within the time provided by the statute of limitations. *Id.* at 1045. Because there are no facts for the jury to decide that would inform the equitable tolling analysis under California law, there was no error in the district court's legal conclusion.

    3.    The district court did not commit plain error by allowing evidence of pre-termination emotional damages. As the majority acknowledges, the special verdict form explicitly asked whether "Ms. Cunning [was] harmed (e.g. suffered lost wages and/or emotional distress) *by* Skye's termination of her employment?" That question followed a jury instruction that specifically listed as an element of Cunning's Sarbanes-Oxley claim that she "was harmed *by* the termination of her employment."

5

Regardless of Cunning's testimony about harms she suffered prior to her termination, there is no way to know whether the jury credited that testimony and awarded her pre-termination damages. And there is good reason to doubt they would in light of the jury instruction and verdict form. To speculate otherwise is to assume that the jurors ignored or disregarded their instructions and the special verdict form. I decline to make that assumption. Skye has not demonstrated that it was prejudiced by Cunning's testimony about pre-termination damages.

* * *

For these reasons, I would affirm the judgment of the district court in its entirety. To the extent the majority does not do so, I respectfully dissent.