KOTCHEN & LOW LLP
Daniel Low (218387)
dlow@kotchen.com
Daniel Kotchen (*pro hac vice*)
dkotchen@kotchen.com
1918 New Hampshire Ave. NW
Washington, DC 20009
(202) 471-1995

MANTEAU DOWNES LLP
Patrick Downes (186461)
pdownes@manteaudownes.com
1901 Avenue of the Stars
Suite 200
Los Angeles, CA 90067
(310) 497-1780

Attorneys for Plaintiff
WENDY CUNNING

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| WENDY CUNNING, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>SKYE BIOSCIENCE, INC., a Nevada Corporation,<br><br>  Defendant. | Case No. 8:21-cv-00710-DOC-KES<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LEGAL PROCEEDINGS**<br><br>Hearing Date: January 22, 2026<br>Time:        10:00 a.m.<br>Judge:       Hon. David O. Carter<br>Courtroom:   10A<br><br>Complaint Filed: April 16, 2021<br>Trial Date:   February 10, 2026 |

i

**TO DEFENDANT SKYE BIOSCIENCE, INC. AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 22, 2026 at 10:00 a.m., in the Courtroom 10A of the Honorable David O. Carter, United States District Court, Central District of California, located at 411 West 4th Street, Santa Ana, California 92701, Plaintiff Wendy Cunning will, and hereby does, move the Court for an order excluding evidence and argument by Defendant Skye Bioscience, Inc. ("Defendant") regarding other legal proceedings involving Plaintiff. Evidence of one prior lawsuit and one prior arbitration filed by or against Plaintiff Wendy Cunning related to prior employers should be excluded under Rules 402, 403, and 404 because they are not relevant or probative of any issues in dispute, and are unduly prejudicial.

For these reasons, Plaintiff respectfully requests that the Court grant this motion *in limine* and enter an order precluding Defendant from presenting evidence of other legal proceedings filed by or against Plaintiff at trial.

This motion is made following the conference of counsel on July 10, 2025 and January 13, 2026. Low Decl. ¶ 2. This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all evidence cited in support of that memorandum, the Declaration of Daniel Low, the Proposed Order, all pleadings and papers filed in this action, and any other and further evidence and argument as may be presented in connection with the hearing on this motion.

| | | |
|---|---|---|
| 1 | Dated: January 15, 2026 | /s/ Daniel Low |
| 2 | | KOTCHEN & LOW LLP |
| 3 | | Daniel Low<br>Daniel Kotchen (*pro hac vice*) |
| 4 | | |
| 5 | | Patrick Downes<br>MANTAEU DOWNES LLP |
| 6 | | Attorneys for Plaintiff |
| 7 | | WENDY CUNNING |

iii

PL.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE
OF OTHER LEGAL PROCEEDINGS

## I. INTRODUCTION

Defendant should be precluded from presenting any evidence of or related to, or from mentioning in front of the jury, two prior legal proceedings involving Plaintiff Wendy Cunning that were discussed at her deposition.[1]

Such evidence should be excluded in its entirety. First, the only possible relevance of the lawsuit and arbitration would be to demonstrate litigiousness, which would constitute improper character evidence under Rule 404. Second, Skye has already stipulated not to introduce evidence of prior legal proceedings against former employers at trial. Dkt. 128-2 at 35. Third, the prior legal proceedings are not relevant to demonstrating that Plaintiff lacked a good faith belief that Skye violated securities laws where Plaintiff's prior allegations properly identified securities violations. Fourth, the prior proceedings do not demonstrate a lack of credibility simply because the circumstances are statistically improbable. Fifth, even if the prior legal proceedings were relevant, they should be excluded under Rule 403 as they are unduly prejudicial and admission would result in time-wasting mini-trials. Sixth, the legal proceedings are not admissible for impeachment where Plaintiff's deposition responses were not evasive or inaccurate.

## II. BACKGROUND

During her depositions in 2021 and 2025, Plaintiff was asked about prior

---

[1] Skye has previously acknowledged that two additional prior legal proceedings involving Plaintiff are not relevant and does not seek to introduce them at trial: a car accident case and a lemon law case. Dkt. 295 at 1 ("Skye does not contend that Plaintiff's personal injury or lemon law litigation activity has any relevance to this case.").

-1-

legal disputes that she had been involved in. Cunning Dep. Tr. 26:11-29:25 (Dec. 2, 2021) (Ex. 1); Cunning Dep. Tr. 305:3-25 (Oct. 2, 2025) (Ex. 2). Skye seeks to introduce evidence of two of the legal proceedings at trial.

First, in 2012, approximately 14 years ago, Plaintiff brought a confidential arbitration related to alleged wrongful termination. Ex. 1 26:9-27:16. She explained that her former employer was "under a corporate integrity agreement at the time for having engaged in numerous … SEC violations, … and one of those was … for kickback violations." Ex. 2 318:19-23. She was asked to pursue a sales strategy that she was concerned would violate anti-kickback rules, so she consulted with the company's counsel, who confirmed that it would be unlawful and should not be implemented. *Id.* 320:5-321:7. She refused to pursue the strategy further, and was fired shortly thereafter. *Id.* 321:8-22. Plaintiff was simply "trying to protect the company." *Id.* 332:25. Plaintiff testified that her arbitration had "[s]omething to do with" the kickback issue, *id.* 323:13, but that she does not have any of the arbitration documents in her possession, and does not recall what claims she brought in the arbitration or whether she sought emotional distress damages. *Id.* 323:8-14, 327:10-19, 328:8-12; Ex. 1 27:4-6. The arbitration settled without trial. Ex. 1 26:25-27:3.

Second, close to 20 years ago, Plaintiff was sued by a former employer for relocation expenses. Ex. 1 28:4-22. Plaintiff brought a number of counter-claims, including counterclaims related to: wrongful termination, whistleblowing, overtime pay, waiting time, wage statements, meal and rest breaks, and overtime. Ex. 3

(Cunning Dep. Ex. 1). The case settled before trial. Ex. 1 28:19-20; Ex. 2 316:20-21.

Plaintiff testified that any emotional distress from those terminations is not ongoing. Ex. 2 316:11-21, 335:3-25.

As reflected in the Proposed Final Pre-Trial Conference Order dated December 30, 2022 that was signed by the parties and filed with the Court, Skye stipulated that it would not mention at trial any claim Plaintiff has asserted against any employer prior to her employment with Skye:

> After meeting and conferring, the Parties have stipulated to the following evidentiary matters: …. d. Defendant and its counsel shall not mention in the presence of the jury (in opening statement, closing argument or otherwise) or introduce testimony (either testimonial or documentary) regarding any legal claims, or the factual support for such claims, that Plaintiff has asserted against any other employer prior to her employment with Defendant.

Proposed Final Pre-Trial Conference Order at 28-29 (Dkt. 128-2 at 34-35).

Plaintiff originally filed Motion in Limine No. 1 to exclude references to the prior lawsuits on August 4, 2025. Dkt. 272. After the trial was postponed, the Court denied the motion as moot without prejudice to re-filing. Dkt. 345. The parties conferred about this motion on July 10, 2025 and again on January 13, 2026, but could not reach agreement. Low Decl. ¶ 2.

### III.    LEGAL STANDARD

Rule 403 states that relevant evidence may be excluded if its probative value is substantially outweighed by, *inter alia*, the danger of unfair prejudice, misleading the jury, or undue delay. Fed. R. Evid. 403.

-3-

Rule 402 states that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

Rule 404 limits the use of character evidence to prove that a person acted in conformity with that trait on a particular occasion. Fed. R. Evid. 404.

## IV.   ARGUMENT

Skye seeks to introduce evidence of two prior legal proceedings that Plaintiff was involved in, but they should be excluded because: (A) they are inadmissible to demonstrate litigiousness unless the prior litigation was fraudulent; (B) Skye stipulated that it would not introduce evidence of Plaintiff's prior claims against former employers; (C) they are not relevant to demonstrating Plaintiff lacked a good faith belief that Skye violated securities laws; (D) they do not demonstrate a lack of credibility; (E) they should be excluded under Rule 403; and (F) they are not admissible for impeachment.

**A.   Evidence of Prior Lawsuits Is Not Admissible to Demonstrate Litigiousness.**

Courts have consistently held that evidence of prior lawsuits is not admissible for the purpose of demonstrating litigiousness. *See, e.g.*, *Outley v. New York*, 837 F.2d 587, 595 (2d Cir. 1988) (reversing judgment on jury verdict where court had improperly admitted evidence of prior litigation that was used to demonstrate litigiousness); *Picu v. Bot*, No. C14-0330RSL, 2016 U.S. Dist. LEXIS 182917, at *6 (W.D. Wash. May 26, 2016) (granting motion *in limine* to exclude evidence of "other litigations in which plaintiffs have been involved" and finding that "[e]vidence that plaintiffs are litigious is not probative and would be prejudicial"); *Seals v. Mitchell*, No. CV 04-3764, 2011 U.S. Dist. LEXIS 77865,

-4-

at *15-17 (N.D. Cal. Apr. 12, 2011) (excluding evidence of plaintiff's other lawsuits or grievances as "evidence of Plaintiff's litigiousness is inadmissible character evidence" and prejudicial); *Palmer v. Cognizant Tech Sols. Corp.*, No. CV 17-6848 DMG (PLAx), 2023 U.S. Dist. LEXIS 109334, at *12 (C.D. Cal. June 1, 2023) ("The mere existence of a similar lawsuit, however, is not particularly probative of anything except perhaps [plaintiff]'s litigiousness. The Court therefore excludes it.").

"'The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent.'" *Seals*, 2011 U.S. Dist. LEXIS 77865, at *15-16 (quoting *Outley*, 837 F.2d at 592).

Here, the prior lawsuits are not admissible to demonstrate litigiousness, as evidence of litigiousness is "not probative and would be prejudicial." *Picu*, 2016 U.S. Dist. LEXIS 182917, at *6; *accord Palmer*, 2023 U.S. Dist. LEXIS 109334, at *12; *see also* Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

Here, there is no suggestion that Plaintiffs' prior (or current) claims were fraudulent, such that evidence concerning Plaintiff's prior proceedings should be excluded. *Seals*, 2011 U.S. Dist. LEXIS 77865, at *15-16 (citing *Outley*, 837 F.2d at 592).

**B.     Skye Stipulated That It Would Not Introduce Evidence of Plaintiff's Claims Against Former Employers at Trial.**

The two prior legal proceedings fall squarely within Skye's stipulation not to inform the jury of "any legal claims … that Plaintiff has asserted against any other employer prior to her employment with Defendant." Dkt. 128-2 at 34-35. Based on Skye's stipulation, Skye should not be allowed to inform the jury of these claims.

While Skye has pointed out that the stipulation was memorialized as part of a Proposed Final Pretrial Order that was never entered by the Court, the stipulation was signed and filed by the parties, and did not require the Court to enter the order for the parties' signed stipulation to be effective. *See* Dkt. 128-2 at 36 (bearing the parties' signature); *Thomas J. Porreco v. Red Top Rv Ctr.*, 216 Cal. App. 3d 113, 121-22 & n.8 (1989) (rejecting argument that "the stipulation was not effective until signed and filed by the court"); L.R. 7-1 ("Stipulations will be recognized as binding only when … filed in the proceeding").

**C.     The Prior Lawsuits Are Not Relevant to Plaintiff's Good Faith Belief That a Violation Occurred.**

Skye has argued that evidence of the prior legal proceedings is relevant to Plaintiff's subjectively reasonable belief in this matter that she was reporting conduct constituting securities fraud. Dkt. 295 at 5-6. But Skye clearly is not seeking to admit the evidence for that purpose, as the facts underlying Plaintiff's prior claims demonstrate the credibility of her complaints about Skye's securities fraud.

At one prior employer, Plaintiff's concerns about a proposed scheme

-6-

PL.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LEGAL PROCEEDINGS

constituting an unlawful kickback scheme were validated by the employer's counsel, who agreed with Plaintiff. Ex. 2 320:22-321:7. At the other employer, Plaintiff voiced concerns about channel stuffing, and she correctly understood that channel stuffing can constitute securities fraud. *Id.* 312:18-313:15; *In re Plantronics, Inc. Sec. Litig.*, No. 19-cv-07481, 2022 U.S. Dist. LEXIS 152745, at *21-22 (N.D. Cal. Aug. 16, 2022) (explaining that channel stuffing may be of the illegitimate kind and constitute securities fraud).

Skye argues that the law requires not only that Plaintiff have a subjective reasonable belief that she was complaining about securities fraud, but that she be "genuinely worried" about the securities violations, and that she had no intention of filing a future lawsuit when she reported the violations. Dkt. 295 at 5-6. But that is not the law. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1000 (9th Cir. 2009) ("an employee must also have (1) a subjective belief that the conduct being reported violated a listed law, and (2) this belief must be objectively reasonable").

### D. Plaintiff's Prior Legal Proceedings Are Not Admissible to Demonstrate the Credibility of Her Allegations Against Skye.

Skye states that it intends to use evidence of Plaintiff's prior lawsuit and arbitration to demonstrate that her allegations against Skye are "facially (and statistically) implausible" because it is unlikely that she would have been fired from a job on three different occasions after witnessing and reporting financial fraud. Dkt. 295 at 7. Skye is not claiming that Plaintiff's prior legal proceedings were fraudulent, or that her present lawsuit is fraudulent. Skye seems to be arguing that, because it is unusual that an employee worked for three different employers that were committing misconduct, Plaintiff's claim is not credible and lacks merit.

But the fact that it is statistically improbable is not probative of the merits of Plaintiff's claims, especially where her claims have survived summary judgment and she prevailed at the initial trial. *See Palmer*, 2023 U.S. Dist. LEXIS 109334, at *11 (finding "mere existence of a similar lawsuit[] . . . not particularly probative of anything except perhaps [plaintiff]'s litigiousness" and excluding evidence). Moreover, it is not as statistically improbable given Plaintiff's employment in the life sciences industry, which experiences unusually high levels of securities fraud litigation.[2]

Skye cites cases that are readily distinguishable as involving:

- <u>Multiple claims</u>:
    - *Westfield Ins. Co. v. Harris*, 134 F.3d 608, 609-10, 614-15 (4th Cir. 1998) (error to exclude evidence of plaintiff's six prior house fire claims and prior truck-fire claim in lawsuit alleging insurance fraud).
- <u>Admission to prove injuries were pre-existing</u>:
    - *Otto v. Commerce St. Capital*, No. 12-2472, 2013 U.S. Dist. LEXIS 75572, at *9-10 (E.D. Pa. May 29, 2013) ("Mr. Otto filed lawsuits on three other occasions and made nearly identical damage claims. Such evidence is relevant under Rule 402 to defendants' argument that Mr.

---

[2] *See Developments in Securities Fraud Class Actions Against U.S Life Sciences Companies*, HARV. L. SCHOOL FORUM ON CORPORATE GOVERNANCE (Apr. 16, 2022), https://corpgov.law.harvard.edu/2022/04/16/developments-in-securities-fraud-class-actions-against-u-s-life-sciences-companies/ (reporting that "Almost One Of Three Securities Class Action Filings Are Against Life Sciences Companies").

Otto's injuries were pre-existing and not caused by the accident that is the subject of the case at bar.").

- <u>"Strikingly similar" claims, suggesting the plaintiff's claims were fraudulent</u>:

    - *Cline v. Pella Enters., LLC*, No. 4:04-CV-610, 2006 WL 8436800, at *3 (S.D. Iowa June 7, 2006) (admitting prior employment litigation where plaintiff claimed strikingly similar discrimination in both claims, including being called a "horse," "cow," and "pig").
    - *Tomaino v. O'Brien*, 315 F. App'x 359, 361 (2d Cir. 2009) ("The jury might, however, have reasonably inferred from the five previous occasions on which he had made strikingly similar claims, that his testimony in support of a sixth such suit was not credible.").

Here, Plaintiff was involved in only two prior legal proceedings that are at issue (one of which was initially brought *against Plaintiff*), further distinguishing this from the five or six prior claims at issue in *Tomaino* or *Westfield*.

Skye also could not seek to admit the prior proceedings to demonstrate pre-existing injuries, unlike *Otto*. *See* Ex. 2 334:22-25 ("Q. Are you still experiencing symptoms of emotional distress related to your termination from Allergan? A. No."); *id.* 335:22-25 (same with respect to Gilead).

The legal proceedings are not so "strikingly similar" as to suggest that the claims are fraudulent, unlike *Cline* and *Tomaino*. Plaintiff alleged channel stuffing and kick-back violations in her prior proceedings, but alleges here the pumping up of Skye's stock price through a misleading press release and investor presentation.

-9-

And Plaintiff does not allege she was called the same derogatory terms at Skye as she was at any prior employer, as was the case in *Cline*.

### E. The Prior Lawsuits Should Be Excluded Under Rule 403 as Prejudicial and Because Plaintiff Would Be Required to Demonstrate the Merits of Those Claims.

"'As a general matter, unless …. prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias.'" *Feezor v. Golden Bear Rest. Grp., Inc.*, No. 2:09-cv-03324, 2012 U.S. Dist. LEXIS 97074, at *3-4 (E.D. Cal. July 11, 2012) (quotation omitted); *accord Seals*, 2011 U.S. Dist. LEXIS 77865, at *15-16 ("'The charge of litigiousness is a serious one, *likely to result in undue prejudice* against the party charged'") (emphasis added) (quoting *Outley*, 837 F.2d at 592).

Skye intends to use evidence of Plaintiff's prior lawsuit and arbitration to suggest that because it is statistically improbable for an employee to work for three employers involved in financial fraud, Plaintiff's claim is not credible and lacks merit. But the fact that Plaintiff has had statistically improbable bad luck is not probative of the merits of her claims, which a jury previously determined were meritorious. *Cf. Palmer*, 2023 U.S. Dist. LEXIS 109334, at *11 (finding "mere existence of a similar lawsuit[], . . . not particularly probative of anything except perhaps [plaintiff]'s litigiousness"); Dkt. 365 (Judgment).

In order to rebut these attacks on Plaintiff's credibility, Plaintiff would be forced to prove the merits of the prior two claims (in addition to the merits of her claims against Skye). For example, she would need to introduce evidence

-10-

demonstrating why the three *employers* were outliers in their tendency towards financial crimes rather than Plaintiff being the statistical outlier as the employee, including by proving that one former employer was under a corporate integrity agreement at the time for having engaged in numerous SEC violations, including kickback violations, Ex. 2 318:19-23,[3] and that their counsel advised Plaintiff that the employer's proposed scheme that she was instructed to help implement violated the anti-kickback law, Ex. 2 321:1-3, that other parties had sued Plaintiff's second former employers for securities fraud,[4] and that Skye board members were involved in other financial misconduct, including Avtar Dhillon's criminal securities fraud, and allegations in the Citron Report of financial misconduct by Punit Dhillon and Jim Heppel, including securities fraud. *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776 (7th Cir. 2001) (affirming exclusion of evidence of prior lawsuits where "the district court was understandably reluctant to plunge into a series of mini-trials on the merits of each of the prior suits").

Plaintiff would also be forced to demonstrate how the facts of each of the three cases are dissimilar to rebut Skye's suggestion that Plaintiff manufactured

---

[3] Corporate Integrity Agreement, SEC (last visited Jan. 15, 2026) *available at* https://www.sec.gov/Archives/edgar/data/850693/000119312510202820/dex102.htm.

[4] *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008); DOJ Press Release, UNITED STATES ATTORNEY'S OFFICE SOUTHERN DISTRICT OF NEW YORK (Apr. 29, 2025), https://www.justice.gov/usao-sdny/pr/us-attorney-announces-202-million-settlement-gilead-sciences-using-speaker-programs (announcing $202 million settlement of securities fraud claims).

PL.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LEGAL PROCEEDINGS

similar claims in all three cases. For example, in one instance the employer sued Plaintiff, and Plaintiff only brought counterclaims. The cases involved proposed kickbacks, channel stuffing, and fraudulently pumping up the stock through misleading information.

Plaintiff was examined by Skye's medical expert, Dr. Dennis Greenberger, on November 17, 2025. Low Decl. ¶ 3. He stated that Plaintiff's prior terminations and lawsuits created a "pattern of responding to job termination through legal channels." *Id.* ¶ 4 (quoting Greenberger Rpt. at 24). He testified that the terminations and lawsuits may have contributed to Plaintiff's emotional distress, but it would depend on whether Plaintiff's allegations in the lawsuits were accurate. Greenberger Dep. Tr. 24:2-15 (Jan. 13, 2026) (Ex. 4). He also drew conclusions based on Plaintiff being terminated from one of her jobs for "incompetence," but acknowledged that Plaintiff disputed the basis for her termination. Low Decl. ¶ 4 (citing Greenberger Rpt. at 12, 24). In other words, for Dr. Greenberger's conclusions to be valid, the jury will need to decide the merits of the prior lawsuits, including whether Plaintiff was fired by one former employer for "incompetence," or in retaliation for whistleblowing or refusing to participate in SEC violations.

Focusing the jury's attention on two prior legal proceedings creates a danger of unfair prejudice from an inference of litigiousness, may confuse the issues or mislead the jury, and will cause undue delay and waste time, which substantially outweighs the slight probative value of the evidence, if any. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 & n.3 (9th Cir. 2007) (stating that evidence of

-12-

*hundreds* of similar lawsuits "appear to be irrelevant or at least far more prejudicial than probative") (citing Fed. R. Evid. 403); *Feezor*, 2012 U.S. Dist. LEXIS 97074, at *3-4 (granting motion to exclude prior lawsuits under Rule 403); *Seals*, 2011 U.S. Dist. LEXIS 77865, at *15-16 (quoting *Outley*, 837 F.2d at 592).

**F.     The Prior Lawsuits Are Not Admissible for Impeachment.**

Skye has argued that the evidence of prior legal proceedings is admissible as impeachment, arguing that Plaintiff's responses to its questions about these proceedings were misleading. Dkt. 295 at 10-11. But Plaintiff's deposition testimony makes clear that she was not trying to hide information or be evasive. While Skye argues that Plaintiff was not forthcoming about her claims against Gilead Sciences, she identified that case when asked about lawsuits she had filed:

Q. "[H]ave you ever filed any other lawsuits?"

A. "I had a company sue me for … relocation expenses."

Ex. 1 28:6-13. Skye's only follow-up question about the claims in the case was whether the company had sued Plaintiff for anything besides relocation expenses, and never asked what other claims were involved in the case, or why she identified that case in response to a question about lawsuits she had filed. *Id.* 28:14-15. Plaintiff fully responded to the questions asked, and her responses were not evasive.

Skye has disingenuously claimed that Plaintiff improperly withheld information about the arbitration on the basis of privilege or confidentiality. Dkt. 295 at 10. In response to one question about the arbitration, Plaintiff asked "Is that attorney/client privilege?," and when her counsel answered "No," she answered

-13-

the question, and privilege was never asserted. Ex. 1 26:17-20. Similarly, when asked about why she thought she was wrongfully terminated, Plaintiff expressed that, "I don't know how much I can say," and when her counsel stated that she could answer the question, she did so. *Id.* 27:7-20. When asked about the resolution of the arbitration, she stated that "[t]he only thing I'm allowed to comment on is that it was resolved," which was consistent with the terms of the parties' confidentiality agreement, and she was not asked any follow-up questions about the resolution. *Id.* 26:25-27:3; Low Decl. ¶ 5 (explaining that the confidentiality provision in Plaintiff's settlement agreement requires that if she is asked about the status of her claims, she "may only say 'they have been resolved'").[5] In fact, there were not *any* questions about the prior legal proceedings that she refused to answer on the grounds of privilege or confidentiality. Ex. 1 26:9-29:25.

Thus, Skye seeks to impeach Plaintiff with evidence that she did not proactively volunteer information that would be responsive to questions that Skye never asked. But that is not proper impeachment, as the responsive information is not inconsistent with her answers to the questions asked at the deposition. *United States v. McCabe*, CA No. 96-30092, 1997 U.S. App. LEXIS 33704, at *13 (9th Cir. Nov. 26, 1997) ("defense counsel engaged in improper impeachment because the answer he attempted to elicit was not inconsistent with any statement made by [the witness] on direct or cross-examination").

---

[5] Plaintiff is prepared to submit the Settlement Agreement for *in camera* inspection, but disclosure of the agreement to Skye would not be consistent with the terms of the agreement, and Skye did not request it during the discovery period.

-14-

Skye cites *Barbee v. SEPTA*, for the proposition that an evasive answer can be impeached with evidence of prior lawsuits. Dkt. 295 at 11 (citing 323 Fed. App'x 159, 162 (3d Cir. 2009)). There, the witness testified that he could not recall if he had been previously deposed, and was impeached with evidence of "involvement in" at least 24 prior lawsuits. *Barbee*, 323 Fed. App'x at 162. And there was no indication in *Barabee* that the district court admitted evidence of the substance of those lawsuits. *Id.* Here, unlike in *Barbee*, Plaintiff readily admitted to having been deposed before. Ex. 1 26:9-14.

## V.  CONCLUSION

For the foregoing reasons, the evidence of prior legal proceedings involving Plaintiff should be excluded under Rules 402, 403, and 404.

Dated: January 15, 2026

/s/ Daniel Low
Daniel Low
Daniel Kotchen (*pro hac vice*)
KOTCHEN & LOW LLP
Patrick Downes
MANTEAU DOWNES LLP

Attorneys for Plaintiff
WENDY CUNNING

-15-

PL.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OTHER LEGAL PROCEEDINGS