**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00710-DOC-KES                                Date:  March 17, 2026

Title: Wendy Cunning v. Skye Bioscience, Inc.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REGARDING DISPUTED JURY INSTRUCTIONS**

At the March 16, 2026, hearing the Parties presented their arguments regarding disputed proposed jury instructions to the Court. Having heard these arguments, the Court rules as follows:

In Proposed Jury Instruction Numbers 17 and 21, Plaintiff argues that the jury should be instructed to consider employment actions beyond termination. Accordingly, they request that the phrase "adverse employment action" replace "termination." As the Court has previously ruled, "Plaintiff is free to make her case." Order Granting and Denying Motions in Limine (Dkt. 440) at 6. If Plaintiff seeks to expand her case to include alleged adverse employment actions beyond termination, she is entitled to that opportunity. Therefore, the Court **GRANTS** Plaintiff's request to use "adverse employment action" in place of "termination" in Proposed Jury Instruction Numbers 17 and 21.

The dispute arises with regard to Proposed Jury Instruction Number 6. The issues with Proposed Jury Instruction Number 6 can be divided into two components. The first issue is a limiting instruction, which the Court addresses first. After considering both Parties' proposed instructions the Court concludes that Defendants' sought instruction is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00710-DOC-KES                              Date: March 17, 2026

Page 2

more appropriate. These instructions deal with aspects of Plaintiff's evidence that are being admitted for specific purposes, specifically the Citron report and Mr. Dhillon's criminal conviction. Defendant's instructions are more suitable for ensuring that the jury considers these pieces of evidence for the purposes for which they are admitted. Accordingly, the Court **GRANTS** Defendant's proposed limiting instructions in Proposed Jury Instruction Number 6. This ruling does not apply to any proposed adverse inference instruction (including this portion of Defendant's Proposed Jury Instruction Number 6) which the Court addresses below.

The second dispute with respect to Proposed Jury Instruction Number 6 (and also Plaintiff's Proposed Jury Instruction Number 13A) deals with an adverse inference instruction. Avtar Dhillon has sometimes invoked the Fifth Amendment and declined to testify with respect in the past and both Parties anticipate that he will likely continue to invoke with respect to some subset of questions at trial as well. The Court concludes that it needs further time to consider this issue, and that this issue may turn on Avtar Dhillon's testimony (or lack of testimony) elicited at trial. Accordingly, the Court holds the decision regarding the adverse inference jury instruction in **ABEYANCE** for the time being.

The final dispute deals with Proposed Jury Instruction 29A and instructions regarding a statute of limitations defense. The Court concludes that this dispute turns on whether a three-year or one-year statute of limitations applies to certain of Plaintiff's claims, and that this dispute is best resolved through briefing on Plaintiff's forthcoming Motion to Amend Complaint. Accordingly, the Court **DENIES** both proposed instructions **WITHOUT PREJUDICE** pending the disposition of Plaintiff's Motion to Amend Complaint. Should the Court's ruling on Plaintiff's Motion to Amend Complaint fail to fully resolve this issue, the Parties are to apprise the Court and re-present the competing sets of instructions for decision by the Court.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu