Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Erika M. Rasch, Bar No. 275815
emr@paynefears.com
Tyler B. Runge, Bar No. 310697
tbr@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant
SKYE BIOSCIENCE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| WENDY CUNNING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SKYE BIOSCIENCE, INC., a Nevada Corporation,<br><br>Defendant. | Case No. 8:21-cv-00710-DOC-KES<br><br>The Hon. David O. Carter<br>Courtroom 10A Santa Ana<br><br>**DEFENDANT SKYE BIOSCIENCE, INC.'S REQUEST FOR RECONSIDERATION OF TRIAL TIME ALLOCATION**<br><br>Trial Date:      July 9, 2026 |

Defendant Skye Bioscience, Inc. respectfully requests that the Court find good cause to reconsider the time allocation set forth in its July 2, 2026 Minute Order (ECF No. 464) and restore the previously ordered allocation of 12 hours per side for witness examination at trial.

Good cause exists because the Court allocated 12 hours per side at the August 12, 2025 Pretrial Conference (and renewed that order at a March 13, 2026 hearing, and again at a March 16, 2026 hearing):

---

DEFENDANT SKYE BIOSCIENCE, INC.'S REQUEST FOR RECONSIDERATION OF TRIAL TIME ALLOCATION

**August 12, 2025:** "What would be a reasonable period of time?  Last time I gave you ten hours per side, four days.  I don't know if that's reasonable.  I don't know what your case looks like.  I'm happy to give you five. . . . 12 hours, okay.  Thank you very much.  I don't count your opening statement or your closing arguments.  12 hours is sufficient for both sides."

**March 13, 2026:** "But then I'm going to give you some timeframes that I expect the case to be presented in.  You'll find from your position that it's too short.  For my position it's already too long.  I'm just joking with you.  But I think 12 hours a side is more than sufficient in this matter.  I don't count your opening statement nor your closing argument.  It's an additional day that we would normally give in what I call a semi normal case like this."

**March 16, 2026:** "You'll have 12 hours per side.  I don't count your opening statement nor your closing arguments."

Defendant has prepared for trial in reliance on that allocation. Defendant originally requested 14 hours per side, and renewed that request at the most recent hearing. Although Defendant has worked diligently to streamline the presentation of evidence and avoid unnecessary duplication, it has prepared its witness examinations, exhibit presentations, and overall trial strategy based on the Court's stated 12-hour allocation. The reduction from 12 hours to 10 hours, issued shortly before the July 9, 2026 trial date, materially alters the framework under which Defendant has prepared this matter for trial.

Good cause further exists because this retrial is more complex than the prior trial. The Parties have identified more witnesses (14) and more exhibits (approximately 442) than were presented at the earlier trial. The evidentiary record has expanded, and the scope of the factual issues to be addressed has increased. Accordingly, the need for examination time has not diminished since the Court's previous allocation of 12 hours per side.

DEFENDANT SKYE BIOSCIENCE, INC.'S REQUEST FOR RECONSIDERATION OF TRIAL TIME ALLOCATION

In addition, the case now includes legal and factual issues that add complexity beyond that presented at the prior trial, including allegations concerning an alleged "pump-and-dump" securities violation theory and Plaintiff's modified damages model. These issues require additional testimony from several witnesses[1] and examination concerning both the underlying facts and the Parties' competing theories of the case.

The procedural history of this litigation further demonstrates good cause. The Parties and the Court have collectively spent substantially more than 12 hours addressing pretrial issues and motions. Likewise, numerous depositions have consumed significant time, with several lasting well in excess of 12 hours. The amount of time required during discovery reflects the breadth and complexity of the issues that will ultimately be presented to the jury at trial.

Importantly, Defendant is not renewing its request for an expansion of the Court's original 12-hour allocation. Rather, it is simply requesting restoration of the 12-hour-per-side allocation established by the Court on August 12, 2025 (reaffirmed twice in March), and relied upon throughout the pretrial proceedings. Restoring that allocation would minimize prejudice arising from a last-minute reduction in available examination time, and facilitate a full and fair presentation of the evidence without materially affecting the Court's management of the trial.

///

///

---

[1] Plaintiff has made it clear that in <u>Cunning II</u>, she will now testify that she allegedly believed that Defendant Skye was engaged in an elaborate "pump and dump" scheme, that she allegedly complained about it, and that she thinks she was let go by Skye as a result of her alleged complaint.  Unlike Plaintiff, Defendant must do much more than present a single witness to articulate its response.  It must present sufficient evidence indicating there was no complaint, no corporate "pump and dump" scheme and/or no termination because of an alleged complaint by Plaintiff. This will require several witnesses and many exhibits.

DEFENDANT SKYE BIOSCIENCE, INC.'S REQUEST FOR RECONSIDERATION OF TRIAL TIME
ALLOCATION

For these reasons, Defendant respectfully submits that good cause exists to modify the July 2, 2026 Minute Order and restore the previously ordered allocation of 12 hours per side for witness examination at trial.

Respectfully submitted,

DATED:  July 3, 2026                    PAYNE & FEARS LLP


By:    /s/ Daniel F. Fears
                    DANIEL F. FEARS
                    ERIKA M. RASCH

                    Attorneys for Defendant SKYE
                    BIOSCIENCE, INC.

4938-1871-8394.2

DEFENDANT SKYE BIOSCIENCE, INC.'S REQUEST FOR RECONSIDERATION OF TRIAL TIME ALLOCATION